IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BAYOU VISTA, LLC                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:16CV301-NBB-RP

THE CITY OF OXFORD, MISSISSIPPI                                                     DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Bayou Vista, LLC, ("Bayou") owns a vacant sixteen-square-foot parcel of property within the limits of the City of Oxford, the defendant in this action. The property previously contained a billboard, but no billboard has existed on the property since approximately a year prior to the plaintiff's acquiring it by virtue of a sheriff's deed dated December 15, 2015. The previous owner of the parcel was Sun South, LLC. The property was originally outside the city limits of Oxford but was annexed in 2006. Bayou brings this action to challenge the constitutionality of a sign ordinance adopted by the City in 2013. Bayou seeks a declaratory judgment, injunctive relief, and damages for alleged violations of its federal and state constitutional rights, asserting that the defendant's actions amount to a taking without just compensation.

The City enacted an ordinance in 1990 limiting all new billboards to industrial zones. All existing, non-compliant billboards were grandfathered under this ordinance. In 2004, the City amended its Land Development Code to require the removal of non-conforming signs, including

billboards, within a five-year amortization period. This period was extended by an additional two years in 2009. After this period expired, Lamar OCI South Corporation ("Lamar"), which is not a party to the present litigation, filed two lawsuits against the City seeking a declaratory judgment that the City's sign ordinance was unconstitutional and seeking damages for the removal of eleven non-compliant billboards Lamar owned and operated within the City.

Lamar and the City reached an agreement to settle these lawsuits in late 2013 while the cases were pending in federal court. As part of the settlement agreement, the City enacted an ordinance allowing Lamar to place two digital billboards in certain areas of the City under restricted circumstances and parameters. The signs could only be placed on property located on Highway 6 in an area zoned General Business no less than 1000 linear feet apart, nowhere east of County Road 165 on the north side of Highway 6 and nowhere east of Thacker Road on the south side of Highway 6. Any landowner whose property did not meet these conditions was not permitted to erect or maintain a billboard structure. The ordinance further provides as follows:

> A total of two back to back digital billboards shall be permitted on Hwy 6 West in an area zoned general business in accordance with the regulations included in this Section and upon issuance of a permit by the City. No permit for a digital sign shall be issued unless the applicant first demonstrates the removal of no less than four existing non-conforming billboards located within the City of Oxford. A second permit for a digital billboard shall not be issued unless the applicant has demonstrated the removal of four additional existing non-conforming billboards located within the City of Oxford. All non-conforming billboards within the City of Oxford shall be removed within a 12-month period from the adoption of this Section.

[Doc. 11-4]. At the time this ordinance was passed, a billboard was situated on the subject property and was allegedly generating income. In accordance with the terms of the settlement agreement and the 2013 ordinance, Lamar removed the billboard from this property in 2014.

The ordinance was read before the public at an open meeting on September 3, 2013. A public hearing on the proposed ordinance was held on September 17, 2013, and the City voted to

pass the ordinance in an open meeting on October 15, 2013. The ordinance not only settled the Lamar litigation, it guaranteed a drastic reduction in the number of non-conforming billboards within the City limits. Lamar removed the billboard from the subject property on September 30, 2014, and canceled its lease agreement with Bayou's predecessor in interest on October 1, 2014.

Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Id.* But the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 678.

In ruling on a Rule 12(b)(6) motion to dismiss, the court generally may not look beyond the pleadings. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). Matters of public record and matters of which the court may take judicial notice as well as documents attached to the complaint are exceptions. *Id.* at 1343 n.6; *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2001).

Analysis

The City moves to dismiss the plaintiff's claims arguing that they are outside the statute of limitations. The plaintiff brings this action under 42 U.S.C. § 1983. Because Section 1983 does not contain its own statute of limitations, courts borrow analogous statutes of limitation from state law. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Mississippi, the "residual" three-year statute of limitations applies to Section 1983 actions. *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008). A plaintiff's Section 1983 claims accrue when the plaintiff knows or has reason to know of the injury giving rise to the action. *Longoria v. Bay City*, 779 F.2d 1136, 1138 (5th Cir. 1986). According to the Fifth Circuit in *Peter Henderson Oil Co. v. City of Port Arthur, Tex.*, 806 F.2d 1273, 1275 (5th Cir. 1987), where a plaintiff asserts that a municipal ordinance unconstitutionally burdens its property, its claim accrues on the date the ordinance is enacted. In that case, the plaintiff oil company challenged the constitutionality of a municipal ordinance that required the consent of nearby landowners for the issuance of a drilling permit. *Id.* The ordinance at issue was enacted in 1979. *Id.* at 1274. The oil company applied for a permit in 1983 and filed suit in 1984 after the permit was denied. *Id.* at 1275. The Fifth Circuit held that the date of enactment of the ordinance triggered the statute of limitations, as that date is when the plaintiff was "given explicit, unambiguous notice that the property would be subject to" the challenged regulation. *Id.*

The 2013 ordinance at issue in the present case was enacted by the City on October 15, 2013. Bayou filed its original complaint in this court on December 29, 2016, over three years after the ordinance was enacted and therefore outside the applicable statute of limitations. Bayou (or its alleged predecessor in interest, Sun South, LLC) was given explicit and unambiguous notice that the City's sign ordinance was being amended in October 2013. The proposed

ordinance was read, made open to debate, and ultimately enacted in open public meetings. The ordinance was enacted without opposition.

Bayou asserts that a new cause of action sprang from the 2013 ordinance, not at the time of enactment, but rather at the time Lamar removed the existing billboard and chose not to place a new billboard on the subject property. Bayou argues that it did not suffer an injury until these events took place because the property generated income until that point. The Fifth Circuit, however, has specifically held that a property owner's Section 1983 claim accrued when a municipality issued an order condemning his substandard housing units and not when the municipality actually demolished them three years later. *Epes v. City of Bossier City*, 979 F.2d 1534 (5th Cir. 1992). The court found that "the basis of Epes' cause of action was the City's condemnation order, and not the effect of that order – the demolition of the units." *Id.* In so finding, the court cited the *Port Arthur* case, *supra*, noting again "that the basis of appellants' cause of action was the ordinance itself, and *not* the effect of the ordinance – the rejection of appellants' application" for a drilling permit. *Id.* (citing *Peter Henderson Oil Co. v. City of Port Arthur, Tex.*, 806 F.2d 1273 (5th Cir. 1987)).

The City asserts that "Bayou ignores the fact that the 2013 ordinance had no additional negative effect on its ability to operate a billboard on the subject property." [Doc. 21]. The City argues that, to the contrary, the 2013 ordinance conferred positive rights, allowing the placement of a restricted number of new billboards in a limited area. The old billboard on the subject parcel was a nonconforming use by virtue of the 2004 ordinance from the time the property was annexed by the City in 2006 and was an illegal use after the expiration of the amortization period in 2011. As the City points out, Bayou either knew or should have known that the City's existing ordinances required the removal of non-conforming billboards and the ban of billboards

5

in non-industrial zones. At present, the 2004 ordinance, not the 2013 ordinance, is the legislation preventing Bayou from using its sixteen square feet of property for its only plausible use as a billboard site. As the defendant notes, the existing requirement to remove billboards not in compliance with the 2004 ordinance is the reason Lamar sued the City in 2012 after the amortization period ran in 2011. Bayou could have done the same but did not.

The plaintiff's claims are barred by the statute of limitations. Accordingly, the court finds that the defendant's motion to dismiss is well taken and should be granted. Because the statute of limitations issue is dispositive of the case, analysis of the defendant's additional arguments is unnecessary. The court notes, however, the persuasiveness of the City's argument that Bayou lacks standing to maintain this action because it cannot demonstrate that the invalidation of the 2013 ordinance would redress the injury for which it seeks to recover. To invoke the jurisdiction of a federal court, a plaintiff must demonstrate that (1) it has suffered an injury in fact, (2) the injury is caused by the actions of the defendant, and (3) the injury will be redressed by a favorable decision. *Bennett v. Spear*, 520 U.S. 154, 162 (1997); *Ass'n of Community Organizations for Reform Now v. Fowler*, 178 F.3d 350, 356 (5th Cir. 1999). As mentioned, the 2004 ordinance, not the 2013 ordinance, is the legislation that presently operates to bar the plaintiff from maintaining a billboard on its property. Accordingly, even if the 2013 ordinance were repealed, the plaintiff would still be unable to lease its property for use as a billboard site. For this reason, the court would find in favor of the defendant and dismiss the plaintiff's claims for lack of standing if the court had not already found the claims barred by the applicable statute of limitations.

Conclusion

For the foregoing reasons, the court finds that the defendant's motion to dismiss is well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 27th day of March, 2018.

                                              /s/ Neal Biggers
                                              NEAL B. BIGGERS, JR.
                                              UNITED STATES DISTRICT JUDGE